UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WEST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HIGH DESERT STATE PRISON, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1640 TLN DB P<br><br><br>ORDER |

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights under the Eighth Amendment. Presently before the court is plaintiff's application to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Allegations in the Complaint**

Plaintiff claims the events giving rise to the claim occurred while he was incarcerated at High Desert State Prison. Plaintiff has named the following defendants: (1) High Desert State Prison (HDSP); (2) the California Department of Corrections and Rehabilitation (CDCR); (3) correctional officer Albrect; (4) correction officer Monk; (5) correctional officer Smith; and (6) warden Spears. (ECF No. 1 at 1, 3.)

////

3

Plaintiff claims he sent staff a request form expressing concerns about his cellmate, Dwight Arrington. (Id. at 3.) He states he was moved out of the cell he shared with Arrington because he was trying to avoid an altercation. However, he was moved back to the cell due to a lack of sufficient space for plaintiff to be single-celled by officer Smith. Plaintiff alleges that Smith promised he could move back out of the cell within twenty-four hours.

He alleges that officer Albrect was on duty along with a partner. (Id.) He states Arrington acquired alcohol and was extremely intoxicated in the dayroom. Albrect asked plaintiff to escort Arrington back to their cell. Plaintiff states he did not want to return to his cell after dayroom, but was told by staff he had to return. He states Arrington had vomited all over the floor and plaintiff's bunk. Arrington cursed at Albrect as she came to their cell serving them food. (Id. at 3-4.) Plaintiff asked Arrington to stop as he handed him his tray of food. (Id. at 4.) Plaintiff states he bent down to receive his own tray and as he turned back around with the tray in his hands he was hit in the face by Arrington knocking him unconscious. Plaintiff states he was unconscious for approximately 15 seconds.

Plaintiff further states that he "alerted staff immediately and was taken out of the cell." (Id.) Plaintiff further states he was sent to "medical" before he was transported for outside medical treatment. Plaintiff suffered two fractures in his jaw as a result of the assault.

**III.    Does Plaintiff State a Claim Under § 1983?**

**A. Eighth Amendment – Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted).

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir.

1982) overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 837; Hearns, 413 F.3d at 1040.

"Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

### 1. Defendant Albrect

Plaintiff has alleged that Albrect observed that Arrington was intoxicated and asked plaintiff to escort Arrington to their shared cell. (ECF No. 1 at 4.) Plaintiff further states that he did not want to go back to his cell, but "was told to by staff." (Id.) It is not clear whether the members of the staff who instructed plaintiff to return to his cell knew Arrington was intoxicated. Nor is it clear that Albrect was one of the "staff" who instructed plaintiff to return to the cell he shared with Arrington. Thus, the court is unable to determine whether Albrect knowingly put plaintiff at risk. In any amended complaint plaintiff should be clear regarding which defendants were aware of his concerns and which defendants directed him to return to the cell he shared with Arrington.

### 2. Defendants Smith and Monk

Plaintiff alleges defendants Smith and Monk "purposely put [him] back in the cell with [] Arrington prior to this incident." He further alleges that he "sent a request form expressing [his] fears and was ignored." Plaintiff may be able to state a failure to protect claim against defendants Smith and Monk. However, the facts alleged in the complaint are not specific enough for the court to determine whether or not Smith and Monk were aware of plaintiff's concerns regarding

////

his cellmate. In any amended complaint, plaintiff should include facts indicating what concerns he shared with Smith and Monk regarding his cellmate.

### B. Eleventh Amendment

Plaintiff has named CDCR and HDSP as defendants in this action. (ECF No. 1 at 1.) In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR is immune from suit under the Eleventh Amendment. See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Fulcher v. Cal. Dep't of Corrs., 297 Fed. App'x 645, 646 (9th Cir. 2008) ("[T]he California Department of Corrections . . . is a state agency that is immune from liability under the Eleventh Amendment."); cf. Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1111-12 (9th Cir. 2010) (affirming dismissal of complaint against CDCR because California had not constructively waived its sovereign immunity by accepting federal funds). Plaintiff's claim against HDSP cannot proceed because state prisons also enjoy Eleventh Amendment immunity. See Allison v. Cal. Adult. Auth., 419 F.2d 822, 823 (9th Cir. 1969) (applying Eleventh Amendment to bar suits against state prisons).

In any amended complaint, CDCR and HDSP should not be named as defendants because they are immune.

### C. Warden Spearman

Plaintiff has named warden Spearman as a defendant, but has not stated any factual allegations related to Spearman. In order to state a claim under § 1983 plaintiff must allege facts showing an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Liability

may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff cannot impose liability on warden Spearman based solely on his position as warden. In order to state a claim against Spearman, plaintiff must state facts showing that he participated in the violations or knew of the violations and failed to act to prevent them.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

////

////

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: October 29, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/west1640.scrn