1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WEST,

           Plaintiff,

    v.

HIGH DESERT STATE PRISON, et al.,

           Defendants.

No.  2:19-cv-1640 TLN DB P

ORDER

Plaintiff is a state inmate proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants violated his rights under the Eighth Amendment.  Presently before the court is plaintiff's amended complaint[1] for screening.  (ECF No. 15.)  For the reasons set forth below, plaintiff will be given the option to proceed with the complaint as screened or file an amended complaint.

**SCREENING**

**I.    Legal Standards**

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

---

[1] Plaintiff has identified the instant complaint (ECF No. 15) as the "First Amended Complaint." However, the docket reflects that the instant complaint is the Third Amended Complaint. All references to the amended complaint in this order are to the Third Amended Complaint (ECF No. 15).

1

1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at 389.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.      Allegations in the Amended Complaint

Plaintiff claims the events giving rise to the claim occurred while he was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 15 at 1.) Plaintiff has identified correctional officers Albrect and Monk as defendants in this action. (Id. at 2.)

Plaintiff states that on March 16, 2016, Albrect was on duty and plaintiff's cellmate was "visibly intoxicated and became combative in the dayroom." (Id. at 3.) Albrect asked plaintiff to help his cellmate to their cell "because she was tired of his drunk behavior." When it was time for plaintiff to return to his cell, plaintiff told Albrect he did not feel safe going into the cell with his cellmate. Plaintiff states that the officer did not care about his safety and because she did not care about his safety his jaw was broken in two places.

## III.     Does Plaintiff State a Claim Under § 1983?

### A.      Legal Standards – Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide

////

3

prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted).

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 837; Hearns, 413 F.3d at 1040.

"Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."  Id. at 842 (citations omitted).  The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner.  Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

**B.  Analysis**

Liberally construed the facts alleged in the complaint could show that the risk of putting plaintiff into a cell with an inmate who was drunk and combative exposed him to a substantial risk of serious harm.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995) (The very obviousness of the risk may suffice to establish the knowledge element.).  Accordingly, the court finds that the allegations in the complaint state a potentially cognizable Eighth Amendment claim against Albrect.

The complaint does not contain any factual allegations regarding defendant Monk.  To state a claim under §1983, the plaintiff must allege an actual connection or link between the actions of the named defendant and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1076).  Because the complaint does

4

not contain any factual allegations regarding Monk, it does not contain any claims against this defendant.

## AMENDING THE COMPLAINT

As set forth above, the complaint states a claim against Albrect, but does not contain any other cognizable claims.  Plaintiff will have the option to proceed with the complaint as screened or file an amended complaint.

In any amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P 10(b).  The amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional

5

1  right if he does an act, participates in another's act or omits to perform an act he is legally

2  required to do that causes the alleged deprivation).

3        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

4  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

5  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

6  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

7  set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema

8  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

9  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

10        Plaintiff is informed that the court cannot refer to a prior pleading in order to make his

11  amended complaint complete.  An amended complaint must be complete in itself without

12  reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all

13  prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint,

14  each claim and the involvement of each defendant must be sufficiently alleged.

15        By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

16  has evidentiary support for his allegations, and for violation of this rule the court may impose

17  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has stated a cognizable claim against Albrect as set forth in Section III above. However, the complaint does not contain any additional cognizable claims. Plaintiff will be given the option to proceed with the complaint as screened or file an amended complaint.

2. Within thirty (30) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 25, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/west1640.scrn3

7

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

MICHAEL WEST,                          No.  2:19-cv-1640 TLN DB P

        Plaintiff,

11

12

    v.                                 PLAINTIFF'S NOTICE ON HOW TO
                                       PROCEED

13

HIGH DESERT STATE PRISON, et al.,

        Defendants.

14

15

16

Check one:

17

18

_____   Plaintiff wants to proceed immediately on his Eighth Amendment claim against

19

        defendant Albrect.  Plaintiff understands that by going forward without amending the

20

        complaint he is voluntarily dismissing all other claims and defendants.

21

22

_____   Plaintiff wants to amend the complaint.

23

24

DATED:_____

25

                                       _____

26

                                       Michael West
                                       Plaintiff pro se

27

28

8